### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

LUJUAN TUCKER,                          )
                                        )
        Plaintiff,              )
                                        )
        v.                      )      No. 4:21-CV-970 PLC
                                        )
CASSANDRUH GUINN, et al.,               )
                                        )
        Defendants.             )

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff LuJuan Tucker, a civil detainee at the Sexual Offender Rehabilitation and Treatment Services ("SORTS") in Farmington, Missouri, for leave to commence this action without payment of the required filing fee. ECF No. 2. The Court finds that plaintiff does not have sufficient funds to pay the filing fee, and will grant the motion to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915. Additionally, for the reasons explained below, the Court will dismiss this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, claiming a violation of his rights under the Fourteenth Amendment Equal Protection clause of the United States Constitution.

Plaintiff names eighteen (18) SORTS employees as defendants and identifies them as having one of the following titles: therapist, recreational therapist, nurse, nurse practitioner, psychiatrist, case manager, or security aid. He brings his claims against all defendants in their "official and unofficial" capacities.

Plaintiff claims that approximately two years prior to filing the instant action, he was falsely accused of raping SORTS resident Norman Tucker (hereinafter "Norman"). On or about May 15, 2020, plaintiff states he was again falsely accused of raping Norman in the restroom of the Hoctor 6 ward.

The complaint is twenty-eight pages in length; however, he repeats the same one-paragraph claim against each of the eighteen defendants without variation. Plaintiff asserts all defendants were members of the SORTS treatment team and were, thus, "directly responsible for decisions in regard[] to [his] treatment, placement in the facility, and safety." Plaintiff alleges all defendants acted with deliberate indifference to his safety because they were aware of the rape accusation made by Norman two years prior, but subsequently transferred him from the Blair 2 ward to the Hoctor 6 ward where Norman was housed.

Plaintiff asserts that as a result of defendants' deliberate indifference, he has developed anxiety and depression, and experiences panic attacks, nausea, vomiting, difficulties sleeping, fear of losing family support, and anger. For relief, plaintiff seeks $50,000 in compensatory and punitive damages.

### Discussion

#### A. Official Capacity Claims

Plaintiff alleges all eighteen defendants are employed by either the Missouri Department of Health or the SORTS facility, which are departments or subdivisions of the State of Missouri. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id. See also Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) ("a state is not a person for purposes of a claim for money damages under § 1983").

Moreover, a claim against the State of Missouri is barred by the doctrine of sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on a nonconsenting State from lawsuits brought in federal court by a State's own citizens or the citizens of another State. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); *Egerdahl v.*

4

*Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a State waives its immunity to suit in federal court. *Id.* at 65. A State will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987).

Neither exception applies in this case. First, there is no congressional abrogation of Eleventh Amendment immunity. Plaintiff brings this action pursuant to § 1983 and the United States Supreme Court has determined that § 1983 does not revoke the States' Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). Second, the State of Missouri has not consented to the suit. Specifically, the State's statutory waiver of immunity does not include the type of claims made by plaintiff in this case. *See* Mo. Rev. Stat. § 537.600.

5

Thus, because a state is not a "person" for the purposes of § 1983 and a suit against the state is barred by the Eleventh Amendment, plaintiff's claim against all defendants in their official capacities will be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Murrell v. Sheets*, 2014 WL 3818282, at *2 (E.D. Mo. Aug. 4, 2014) (dismissing official capacity claims against SORTS employees); *Johnson v. Blake*, 2012 WL 3064264, at *2 (E.D. Mo. July 27, 2012) (dismissing official capacity claims against Missouri Department of Mental Health employees).

Having carefully reviewed and liberally construed the plaintiff's complaint, the Court will dismiss plaintiff's official capacity claims against all defendants under 42 U.S.C. § 1983.

### B. Individual Capacity Claims

Because plaintiff is a civil detainee, his individual capacity claims are analyzed under the Fourteenth Amendment, which provides civilly-committed individuals and other detainees "at least the same level of constitutional protection as the Eighth Amendment." *Nelson v. Shuffman*, 603 F.3d 439, 446 n.3 (8th Cir. 2010) (considering a sex offender treatment center detainee's failure-to-protect claim under the same standards applicable to a prisoner's failure-to-protect claim). "State actors in mental health facilities owe a constitutional-level duty of care to involuntarily held patients." *Shelton v. Ark. Dept. of Human Serv.*, 677 F.3d 837, 840 (8th Cir. 2012). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the Eighth Amendment, the defendants are required "to ensure reasonable safety, a standard that incorporates due regard for [the] officials' unenviable task of keeping dangerous men in safe custody under humane conditions." *Id.* at 844-45 (internal citations omitted).

6

In order to state a failure-to-protect claim under the Eighth or the Fourteenth Amendment, a prisoner or detainee must allege that "(1) defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, (2) they actually drew the inference, and (3) they failed to take reasonable steps to protect him." *Schofield v. Hopkins*, 491 Fed. Appx. 772, 774 (8th Cir. 2012); *see also Farmer v. Brennan*, 511 U.S. 825, 836–38 (1994). A "plaintiff must show something more than mere inadvertence or negligence." *Branchcomb v. Brewer*, 669 F.2d 1297, 1298 (8th Cir. 1982) (per curiam). "A failure-to-protect claim has an objective component, whether there was a substantial risk of harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk." *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). Deliberate indifference exists if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware and he must also draw the inference." *Taylor v. Dormire*, 07-4212-CV-C-SOW, 2008 WL 5071135, at *1 (W.D. Mo. Nov. 24, 2008) (quoting *Farmer v. Brennan*, 511 U.S. 828, 843 (1970)).

Additionally, "[b]ecause a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). An inmate's injury must be more that *de minimis* to state an Eighth Amendment violation. *Id.* Plaintiff must show that the harm he suffered from defendants' alleged failure to protect him was objectively serious.

Here, plaintiff alleges he was placed "in a high risk situation" and "grievously injured" when the defendants relocated him to the same ward as Norman who falsely accused plaintiff of raping him two years prior. Plaintiff alleges that because all eighteen defendants were members of

7

his treatment team, they were responsible for his placement, were aware of the first rape accusation, and should not have placed him in the same ward as Norman.

The Court finds plaintiff has failed to allege facts supporting that the defendants were aware of a substantial risk of harm to him and were deliberately indifferent to that risk. Plaintiff's unsupported and bare assertions that each of the eighteen defendants were aware of Norman's false accusation from two years prior merely because they were part of his "treatment team" is entirely conclusory. Plaintiff cannot state a claim against defendants without facts demonstrating that he or she was subjectively aware of an excessive risk to plaintiff's health or safety, and made the placement anyway. *See Farmer*, 511 U.S. at 837. For a defendant to have acted with deliberate indifference, "he must have recklessly disregarded a known, excessive risk of serious harm to" a plaintiff's safety. *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003). That is, a plaintiff must demonstrate that the defendant "actually intended to deprive him of some right." *Miller v. Solem*, 728 F.2d 1020, 1024 (8th Cir. 1984). Failure to take reasonably necessary precautions, without facts reflecting actual knowledge of a threat to plaintiff, does not rise to the level of an Eighth Amendment violation. Plaintiff simply has not demonstrated that each defendant was aware of specific information from which they could infer the existence of a substantial risk of serious harm to him.

Plaintiff also provides unsupported statements that all eighteen defendants were actually responsible for his placement in Hoctor Ward 6. Plaintiff identifies different job titles for each defendant, including therapist, recreational therapist, nurse, nurse practitioner, psychiatrist, case manager, and security aid. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208

8

(8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). The complaint here contains mere conclusory allegations that all eighteen defendants were directly responsible for plaintiff's placement in the Hoctor 6 ward through their general participation in his treatment plan. He has offered no facts to show that defendants had the authority to and personally played a role in selecting or authorizing his housing assignment.

Moreover, to establish reckless disregard, plaintiff "must show that he was faced with a 'pervasive risk of harm' and that the prison officials failed to respond reasonably to that risk." *Andrews v. Siegel*, 929 F.2d 1326, 1330 (8th Cir. 1991). Showing "pervasive risk of harm" "requires evidence of frequent violence or sexual assaults which places a prisoner or group of prisoners in reasonable fear for their safety; and prisoners must apprise the prison officials of the existence of the problem and the need for protective measures." *Falls v. Nesbitt*, 966 F.2d 375, 378 (8th Cir. 1992). "In every case, a 'pervasive risk' is *something more than a single incident* and something less than a riot." *Id.* (emphasis added); *see also Reed v. Lombardi*, 2009 WL 1045498, at \*2 (E.D. Mo. Apr. 20, 2009) ("plaintiff complains of only a single incident of sexual assault; this is insufficient to establish a pervasive risk of harm"); *Davis v. Smith*, 2008 WL 1925020, at \*3 (E.D. Mo. Apr. 29, 2008) (same). A "'single incident, or a series of isolated incidents, usually provides an insufficient basis upon which to assign supervisor liability.'" *Lenz v. Wade*, 490 F.3d 991, 995-96 (8th Cir. 2007) (quoting *Howard v. Adkison*, 887 F.2d 134, 138 (8th Cir. 1989)). The

risk of harm "is one in which the risk is so great that it is almost certain to materialize if nothing is done." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011).

Here, plaintiff's allegation that he was falsely accused of raping Norman on one occasion, two years prior, falls short of demonstrating a pervasive risk of harm. *See also Morgan v. Comm'r Dzurenda*, No. 3:14-CV-966-VAB, 2015 WL 5722723, at *5 (D. Conn. Sept. 29, 2015) (a one-year passage of time reduces the imminence of a repeated threat). Even if the Court were to find that all defendants were aware of the prior false accusation by Norman and played a personal role in housing plaintiff in Hoctor 6, the allegations in the complaint simply do not indicate a substantial or pervasive risk that Norman would be likely to falsely accuse plaintiff of raping him a second time considering the significant passage of time.

Finally, this is not a case where an official failed to protect plaintiff from a physical assault. Instead, plaintiff alleges he was falsely accused of raping a fellow resident and, as a result, suffers from anxiety, depression, and panic attacks. Plaintiff limits his request for relief by only seeking compensation for emotional distress. Damages for mental or emotional harm are not available absent a showing of physical injury. *Royal v. Kautzky*, 375 F.3d 720, 722 (8th Cir. 2004). The physical injury need not be significant, but it must be more than *de minimus* for an Eighth Amendment claim to proceed. *See Adams v. Rockafellow*, 66 Fed. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997)). Here, he does not allege that he suffered any physical injury, *de minimis* or otherwise. Instead, he alleges only mental or emotional harm, which is not compensable in the absence of physical injury.

Having carefully reviewed and liberally construed the plaintiff's complaint, the Court will dismiss plaintiff's individual capacity claims against all defendants under 42 U.S.C. § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this ⟋⟍ day of September, 2021.

_____

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

11